UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| Luz Isela Meza de Munoz,<br><br>            Plaintiff,<br><br>   v.<br><br>Attorney General Matthew Whitaker, et al.,<br><br>            Defendant. | Case No. 2:18-cv-02332-RFB-BNW<br><br>**ORDER** |

Before the Court is petitioner Luz Isela Meza de Munoz's motion for leave to properly serve Respondents, which the Court construes as a motion to extend the time for service. ECF No. 17.  In support of her motion, Meza de Munoz relies on Rule 4(i)(4) and Rule 4(m) of the Federal Rules of Civil Procedure.  The Court finds that Meza de Munoz does not qualify for relief under Rule 4(i)(4) because she failed to duly effect service upon either the United States Attorney General or United States Attorney's Office within Rule 4(m)'s 90-day deadline and because she sues Respondents in their official capacities only.  However, the Court finds that there exists excusable neglect for Meza de Munoz's failure to effect service and it therefore exercises its broad discretion to extend the time for service and grant Meza de Munoz's motion.

**I.     Background.**

Meza de Munoz initiated this matter on December 6, 2018.  ECF Nos. 1, 5.  She seeks judicial review of United States Citizenship and Immigration Services's ("USCIS") decision to deny her application for naturalization.  ECF No. 5.  She named as Respondents the Attorney General of the United States, the Secretary of Homeland Security (the "Secretary"), and the Field Office Director of USCIS's Las Vegas Office ("Field Office Director").  *Id.*

In March 2020 the Clerk of Court issued a notice to Meza de Munoz. ECF No. 7. In the notice, the Clerk advised Meza de Munoz that this matter had gone 270 days "without any proceeding having been taken" and warned her that the Clerk would enter an order of dismissal if Meza de Munoz took no action by April 2, 2020. *Id.* Meza de Munoz missed that deadline. But on April 10, she filed a 4-volume appendix. ECF No. 8.

On April 29, 2020—nearly 1.5 years after filing her petition—Meza de Munoz filed a certificate of service. ECF No. 9. In her certificate, Meza de Munoz represents that in December 2018 she served the Attorney General via CM/ECF and served the Secretary and Field Office Director by certified mail. *Id.*

In May 2020, Meza de Munoz filed a motion for summary judgment. ECF No. 10. In their response, Respondents identified potential defects in Meza de Munoz's December 2018 service attempt. ECF No. 13. Just 13 days later, Meza de Munoz withdrew her summary judgment motion, filed her motion to extend the time for service, and attempted to cure the defects in her service of Respondents. ECF Nos. 16, 17, and 19. Respondents timely responded to the underlying motion and Meza de Munoz timely replied. ECF Nos. 20 and 21.

**II.   The parties' arguments.**

Meza de Munoz raises two primary arguments. First, that Rule 4(i)(4) requires the Court to allow her a reasonable time to cure defective service of the Respondents. ECF No. 17 at 2. Second, that her counsel's "inadvertent failure" to perfect service is sufficient under Rule 4(m) to extend the time for service. *Id.*[1]

For their part, Respondents first argue that Rule 4(i)(4) is inapplicable here because the Respondents were sued in their official—rather than individual—capacities and, in any event, Meza de Munoz has already burned a substantial amount of time without curing the defects in service.

---

[1] Meza de Munoz raises a third argument: that an order dismissing her claim would be "futile" because although 8 C.F.R. § 336.9(b) requires her to seek review of USCIS's decision within 120 days, that provision of federal law "may" be invalid and she would therefore simply refile this action. The Court need not reach this argument, however, because it exercises its discretion under Rule 4(m) to extend the time for service.

ECF No. 20 at 2. Second, Respondents argue that the "inadvertent failure" of Meza de Munoz's counsel to timely effect service cannot support "good cause" under Rule 4(m). *Id.*

**III. Discussion.**

Rule 4 provides that plaintiff must serve defendant "within 90 days after the complaint is filed." Fed. R. Civ. P. 4(m). The federal court lacks personal jurisdiction over a defendant unless the defendant has been served with process pursuant to Rule 4. *Benny v. Pipes*, 799 F.2d 489, 492 (9th Cir. 1986). If a party receives sufficient notice of the complaint, then the Court is to liberally construe Rule 4 to uphold service. *Travelers Cas. & Sur. Co. of Am. v. Brenneke*, 551 F.3d 1132, 1135 (9th Cir. 2009). But "neither actual notice nor simply naming the defendant in the complaint will provide personal jurisdiction without substantial compliance with Rule 4." *Benny*, 799 F.2d at 492.

**A. Rule 4(i).**

Meza de Munoz filed her petition for judicial review against the Attorney General, Secretary, and Field Office Director, all in their official capacities. Rule 4(i) governs service of those officials.

Rule 4(i) provides that "[t]o serve a United States agency or corporation, or a United States officer or employee sued only in an official capacity, a party must serve the United States and also send a copy of the summons and of the complaint by registered mail to the agency, corporation, officer, or employee." Fed. R. Civ. P. 4(i)(2). To serve the United States, plaintiff must, in relevant part:

> (A)
>   (i) deliver a copy of the summons and of the complaint to the United States attorney for the district where the action is brought—or to an assistant United States attorney or clerical employee whom the United States attorney designates in a writing filed by the court clerk—or
>   (ii) send a copy of each by registered or certified mail to the civil-process clerk at the United States attorney's office; [*and*]
> (B) send a copy of each by registered or certified mail to the Attorney General of the United States at Washington, D.C.

Fed. R. Civ. P. 4(i)(1).

Here, Meza de Munoz filed her petition for judicial review on December 6, 2018. ECF No. 1. Therefore, Rule 4's 90-day deadline to effect service expired on March 6, 2019.

Meza de Munoz served the Attorney General via the CM/ECF system on December 7, 2018. ECF No. 9 at 2. However, as explained above, Rule 4(i) requires that service upon the Attorney General be made by certified mail, not CM/ECF. Thus, service upon the Attorney General—and, by extension, the United States—was not perfected before the 90-day service deadline expired.

The record lacks any indication that Meza de Munoz attempted to serve either the United States attorney for the district of Nevada or the civil-process clerk at the United States attorney's office before the 90-day deadline expired. *See* ECF No. 9. Because Meza de Munoz did not properly serve the United States attorney's office, she did not—again, by extension—properly effect service upon the United States before the 90-day deadline expired.

Meza de Munoz purported to serve the Secretary via Certified Mail. ECF No. 9 at 2. However, the Secretary works for the Department of Homeland Security ("DHS"). As Respondents indicate, only the DHS's Office of the General Counsel may accept service on the Secretary's behalf. 6 C.F.R. § 5.42(a). Meza de Munoz does not purport to have served DHS's Office of the General Counsel before the 90-day deadline expired. Therefore, Meza de Munoz failed to serve the Secretary as required by Rule 4(i)(2) and Rule 4(m).[2]

Because Meza de Munoz failed to serve the United States or the Secretary before the 90-day deadline expired, she failed to follow Rule 4(i)(2)'s service requirements. Meza de Munoz apparently accepts this conclusion, but through Rule 4(i)(4), she seeks an additional reasonable time to cure the defective service.

Rule 4(i)(4) provides that that the Court "must allow a party a reasonable time to cure its failure to":
  (A) serve a person required to be served under Rule 4(i)(2), if the party has served either the United States attorney or the Attorney General of the United States; or
  (B) serve the United States under Rule 4(i)(3), if the party has served the United States officer or employee.

---

[2] Meza de Munoz also purports to have effected service upon the Field Office Director. ECF No. 9 at 1. However, neither party sufficiently addressed the requirements to serve the Field Office Director, and the Court declines to do so because this issue is not determinative of the Court's order.

The clock on the "reasonable time to cure" is triggered when plaintiff's defective service "is pointed out" to plaintiff. *Lawrence v. Las Vegas Metropolitan Police Dep't*, __ F. Supp. 3d __, 2020 WL 1549606, at *6 (D. Nev. 2020) (citing Advisory Committee Notes, 2000 Amendment, Rule 4). The defective service can be pointed out by **either** the Court or a defendant. *Id.* (citing *Kuzberg v. Ashcroft*, 619 F.3d 176, 185 (2d Cir. 2010)).

Meza de Munoz does not qualify for relief under either of these provisions. She cannot invoke Rule 4(i)(4)(A) because—as explained above—she duly served **neither** the United States attorney nor the Attorney General.[3] Rule 4(i)(4)(B) is likewise unavailable to Meza de Munoz because that provision grants a reasonable time to cure defective service upon an officer or employee sued "in an individual capacity." Here, however, all three Respondents are sued in their official capacities only.

In sum, the Court finds that Meza de Munoz failed to effect service pursuant to Rule 4(i)(2) and is not entitled to an additional reasonable time to cure under Rule 4(i)(4). However, Rule 4(m) operates independently of Rule 4(i)(2) and provides an additional basis to enlarge the time for service.[4]

**B. Rule 4(m).**

Rule 4(m) requires a two-step analysis to determine whether to extend the time for service. *In re Sheehan*, 253 F.3d 507, 512 (9th Cir. 2001). At the first step, the Court "must" extend the time for service "upon a showing of good cause." *Lemoge v. United States*, 587 F.3d 1188, 1198 (9th Cir. 2009). At the second step, the Court "may" extend the time for service "upon a showing of excusable neglect." *In re Sheehan*, 253 F.3d at 512.

---

[3] Meza de Munoz appears to have finally effected service upon the Attorney General and the United States attorney for the district of Nevada more than 1.5 years after she filed her petition. *See* ECF No. 19. However, to seek refuge in Rule 4(i)(4)(A)'s curing provision, Meza de Munoz was required to serve either the Attorney General or the United States attorney's office within Rule 4(m)'s 90-day period, which she did not do. *Mayes v. United States Postal Service*, No. 19-cv-355 (JLS), 2020 WL 2465086, at *3 (W.D.N.Y. May 13, 2020)

[4] Respondents also argue that the clock on Meza de Munoz's "reasonable time to cure" began to run when the Clerk of Court issued a notice threatening to enter an order of dismissal for want of prosecution. ECF No. 20 at 3 n.1. The Court does not reach this argument because it finds that Meza de Munoz is not entitled to a reasonable time to cure, regardless of when the clock began to run.

### i. Step 1: good cause.

Courts must determine on a case-by-case basis whether the serving party has shown good cause. *Id.* Generally, good cause is equated with diligence. *Townsel v. Contra Costa Cnty., Cal.*, 820 F.2d 319, 320 (9th Cir. 1987). A showing of good cause requires more than inadvertence or mistake of counsel. *Id.* "[A]t a minimum, good cause means excusable neglect." *In re Sheehan*, 253 F.3d at 512 (quotation omitted). To determine whether an excuse rises to the level of good cause, the Court must analyze whether: (1) the party to be served personally received actual notice of the lawsuit; (2) defendant would suffer no prejudice by the extension; and (3) plaintiff would be severely prejudiced if his complaint were dismissed. *In re Sheehan*, 253 F.3d at 512.

Here, the Court finds that, at the first step, Meza de Munoz has failed to establish good cause. Meza de Munoz cites a single reason for her failure to effect service: "inadvertent failure on the part of her counsel." ECF No. 17 at 2. She offers no factual enhancement beyond this single phrase, and under *Townsel*, the mere inadvertence of counsel is insufficient for good cause. At bottom, Meza de Munoz has not established diligence. On this paltry showing, Meza de Munoz does not prevail at the first step, and the Court must therefore determine whether there exists excusable neglect.

### ii. Step 2: excusable neglect.

If there is no good cause, the Court has discretion to dismiss a claim without prejudice or extend the time for service. *In re Sheehan*, 253 F.3d 507, 512 (9th Cir. 2001). The Ninth Circuit has declined to articulate a specific test that a court must apply at the second step. *In re Sheehan*, 253 F.3d at 513. Instead, the Ninth Circuit has emphasized that the Court's discretion at the second step is broad. *Id.* But the Court's discretion is not limitless, and it may consider factors like (1) a statute of limitations bar, (2) prejudice to the defendant, (3) actual notice of the lawsuit, (4) the length of the delay and its potential impact on judicial proceedings, (5) the reason for the delay, and (6) whether the movant acted in good faith. *Efaw v. Williams*, 473 F.3d 1038, 1041 (9th Cir. 2007); *Trueman v. Johnson*, No. CIV 09-2179-PHX-RCB (DKD), 2011 WL 6721327, at *5 (D. Ariz. 2011).

Here, the Court finds there exists excusable neglect sufficient to extend the time for service.  First, the Court notes Meza de Munoz seeks review of a decision that she alleges was rendered on November 7, 2018, ECF No. 5 at ¶ 30, and federal law requires her to seek relief within 120 days of that date.  *See* 8 C.F.R. § 336.9(b).  If the Court denies Meza de Munoz's motion, then she will have to refile her petition, and the 120-day deadline will have long expired.  Meza de Munoz claims that the 120-day deadline "may" be invalid, but for this proposition she relies on case law that—as Respondents point out—is not binding on this Court.  *See Nagahi v. INS*, 219 F.3d 1166, 1169 (10th Cir. 2000); *Zilkic v. U.S. Citizneship Immigraiton Service*, No. C-08-04781 EDL, 2009 WL 1010836, at *3 (N.D. Cal. Apr. 14, 2009).  Thus, if the Court effects a dismissal without prejudice, a quasi-statute of limitations bar could preclude Meza de Munoz's subsequent petition.  The first factor, therefore, weighs in favor of an extension.

Second, the Court finds that there is little, if any, prejudice to Respondents.  Respondents are in the best position to assess the potential prejudice they face.  But their briefing does not address prejudice at all, and the Court cannot discern any from the record.  The second factor therefore weighs in favor of an extension.

Third, Respondents have actual notice of this lawsuit.  Respondents are represented by the United States Attorney's Office, which in May 2020 opposed Meza de Munoz's motion for summary judgment.  Because Respondents have actual notice of this lawsuit, the third factor likewise weighs in favor of an extension.

Turning to the fourth factor: this matter has been pending since December 2018, so a substantial amount of time has elapsed.  However, neither side addresses what impact, if any, this delay has on these proceedings.  Still, given the substantial amount of time, the fourth factor weighs against an extension.

The fifth factor likewise weighs against an extension.  As reason for the delay, Meza de Munoz offers merely the inadvertence of her counsel.  This reason lacks any factual detail and is plainly insufficient.

The sixth factor, however, weighs in favor of an extension.  Meza de Munoz did ***attempt*** service on the Attorney General, Secretary, and Field Office Director within Rule 4(m)'s 90-day

deadline. *See* ECF No. 9.  Respondents placed Meza de Munoz on notice of her defective service when they responded to her summary judgment motion.  *See* ECF No. 13.  A scant 13 days later Meza de Munoz had withdrawn her summary judgment motion, filed the underlying motion to enlarge the time for service, and attempted service on the Attorney General, the United States attorney for the District of Nevada, DHS's Office of the General Counsel, and USCIS's Office of the General Counsel.  *See* ECF No. 19 at 2.[5]  The Court finds that Meza de Munoz's actions evince good faith because she acted quickly to respond to the defects in her service once Respondents put her on notice of the same.[6]

On balance, the Court finds that there exists excusable neglect for Meza de Munoz's failure to comply with Rule 4(m)'s service requirements.  The Court therefore chooses to exercise its broad discretion to extend the time for service.  However, the Court warns Meza de Munoz: she has ***not*** been diligent and if she is going to move forward with her claim, she **must** carefully adhere to future deadlines.

**IV.   Conclusion.**

IT IS THEREFORE ORDERED that Meza de Munoz's motion to extend the time for service (ECF No. 17) is GRANTED.  To the extent she has not done so already, Meza de Munoz must perfect service by September 17, 2020.

DATED: August 18, 2020.

_____
BRENDA WEKSLER
UNITED STATES MAGISTRATE JUDGE

---

[5] To be sure, before she chose to withdraw her motion, Meza de Munoz filed a reply in support of summary judgment. ECF No. 14.  However, the Court finds that this filing does not vitiate Meza de Munoz's good faith.

[6] Respondents argue that Meza de Munoz was on notice of her defective service when the Clerk of Court issued her notice threatening to dismiss this matter for want of prosecution. ECF No. 20 at 3 n.1.  The Court rejects this argument because the Clerk's notice does not speak to service.  *See* ECF No. 7.  Instead, the notice speaks to "action" in the case more generally.  *Id.*